[No. 18417.    Department One.    March 31, 1924.]

MAUDE FISHEL, *Appellant*, v. CHARLES R. FISHEL,
*Respondent*.[1]

APPEAL (418)—REVIEW—FINDINGS.   Findings in a divorce case
on conflicting evidence will not be disturbed on appeal where it
cannot be said that they are against the preponderance of the evidence.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered October 11, 1923,
upon findings in favor of the defendant, in an action
for divorce, tried to the court. Affirmed.

*Harmon & Keyes* and *R. M. Davis*, for appellant.
*Hayden, Langhorne & Metzger*, for respondent.

PARKER, J.—Mrs. Fishel, the plaintiff, commenced
this action in the superior court for Pierce county,
seeking a divorce from her husband, the defendant.
The cause soon thereafter came to trial upon the
merits, which resulted in findings and judgment deny-
ing to the plaintiff the relief prayed for, from which
she has appealed to this court.

Appellant's alleged cause for divorce was cruel
treatment and personal indignities rendering her life
burdensome. The evidence introduced upon the trial
consisted almost wholly of the testimony of appellant
and respondent, which was in sharp conflict touching
all the real serious specific charges made by appellant
against respondent. It may be said that this is not so
touching some of the minor charges, though as to those
respondent's version of them showed that he was by
no means wholly at fault. These people have been
married since 1906. They have two children, aged 7
and 14 years, respectively. They had a more than or-

[1]Reported in 224 Pac. 393.

dinarily happy married life until about a year prior to the commencement of this action, according to the testimony of appellant, when the first misunderstanding which in the least threatened their marital happiness occurred and from which much marital unhappiness resulted.

The trial court found that: ''Any unhappiness which has entered the home and the life of the plaintiff and defendant is as much due to plaintiff's fault as it is to defendant's fault.'' We have painstakingly read all of the evidence and cannot say that the evidence preponderates against the trial judge's findings and conclusions. Indeed, we think the evidence well supports the trial judge's findings and conclusions. It is not necessary that we here review and analyze the evidence in detail with a view of demonstrating that we should not now disturb the judgment of the trial court. To refrain from doing so, we think, is a kindness to these people and their children.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.